IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:99-CR-20-1H

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>TARYELL JAVOA POWELL, )<br>    Defendant. ) | **ORDER** |

This matter is before the court for a competency determination pursuant to 18 U.S.C. § 4241. By order entered August 20, 2014, Defendant was committed to the custody of the Attorney General for an evaluation to determine whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defendant has been evaluated as directed, and a report has been prepared by a forensic psychologist at the Bureau of Prisons' Federal Correctional Institution in Butner, North Carolina.

On November 5, 2014, a hearing was held pursuant to 18 U.S.C. § 4241(c) and 4247(d). Defendant appeared with his attorney, Susan Umstead, and an Assistant United States Attorney was present. Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witness who might have appeared at the hearing. However, Defendant, through counsel, chose not to object to the findings of the psychological evaluation report or to present any evidence with regard to the issue of his mental competency.

In her report, the forensic psychologist opines that Defendant is suffering from a severe mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Based on his treatment history, she further indicates that "there is a substantial probability that with a period of treatment in an inpatient setting, such as that provided for under Title 18, U.S. Code, Section 4241(d), [Defendant's] symptoms will improve sufficiently such that he can be restored to competency in the foreseeable future."

Having carefully considered the psychological evaluation report and having personally observed Defendant in court on two separate occasions, and there being no objections to the report, the court adopts the findings of the forensic psychologist. Based upon those findings, the court determines, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is hereby ORDERED that Defendant is committed to the custody of the Attorney General to be hospitalized for treatment at FMC Butner or such other suitable facility as may be designated by the Attorney General for a reasonable period of time, not to exceed four (4) months, as may be necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). At the conclusion of that period of time, not to exceed four (4) months, the mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the court, with copies to counsel for Defendant and the government, a written report detailing the provider's professional observations, conclusions and recommendations regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain

the capacity to permit these proceedings to go forward. Upon receipt and consideration of the report by the court and counsel for the parties, the court will make a determination whether Defendant should remain hospitalized for further treatment for an additional reasonable period of time until his mental condition is so improved that proceedings before the court may continue, or until the pending charges against him are disposed of according to law, whichever is earlier. *See* 18 U.S.C. § 4241(d)(2).

Any delay that results from this order is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A), as well as pursuant to 18 U.S.C. § 3161(h)(7)(A), the court finding that the interests of justice served by the additional time required to determine whether Defendant's competency can be restored outweigh the bests interests of the public and the defendant in a speedy trial.

This 5th day of November 2014.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge